UNITED STATES of America, Plaintiff,

v.

Jose De Jesus ROMERO–GARCIA, Defendant.

No. CR. 97–201–MA.

United States District Court,
D. Oregon.

Oct. 17, 1997.

---

**1224**

J. Richard Scruggs, Assistant United States Attorney, Portland, OR, for Plaintiff.

Gail Meyer, Lerner & Meyer, Portland, OR, for Defendant Romero–Garcia.

ORDER

MARSH, District Judge.

On October 6, 1997, I held a hearing on defendant's motions to suppress. During the course of the hearing and through stipulations of counsel, the issues narrowed to two: (1) did the government lawfully seize a pager from the defendant during a booking procedure; and (2) was the subsequent search of the pager lawful?

■ As for the seizure of the pager, the government relies upon two exceptions to the warrant requirement: (1) a seizure incident to arrest; and (2) a seizure under the plain view doctrine. Defendant argues that an approximate two hour delay between his arrest and the discovery of the pager renders the search incident to arrest exception unavailable. Even if this exception is unavailable, under the plain view doctrine, the seizure is proper if: (1) the evidence was discovered during a lawful search; and (2) when the evidence was discovered, it was immediately apparent to the officer that it constituted incriminating evidence. *Roe v. Sherry*, 91 F.3d 1270, 1272 (9th Cir.1996) (citing *Horton v. California*, 496 U.S. 128, 135–36, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). In this case, the pager was not discovered until defendant was being booked into the Clark County Jail. There is no dispute that the pager was first seen when the defendant was emptying his pockets as part of a routine booking procedure. Based upon information the officers had learned earlier that day from co-defendant Beaston, the evidentiary value of the pager was apparent on sight. Thus, I need not reach the issue of whether the search was sufficiently contemporaneous with the defendant's arrest as I find that the seizure of the pager was justified under the plain view doctrine.

As for the search of the pager itself, the government relies upon three exceptions to the warrant requirement: (1) consent; (2) exigent circumstances; and (3) a search incident to a lawful arrest.

■ Defendant denies that he consented to the search of his pager. To establish consent, the government bears a "heavy burden of demonstrating that consent was freely

and voluntarily given." *United States v. Chan–Jimenez,* 125 F.3d 1324 (9th Cir.1997). I must view the totality of the circumstances and consider the following factors: (1) was the defendant in custody; (2) did the officer have his weapon drawn; (3) did the officer give *Miranda* warnings; (4) did the officer inform the defendant of his right to refuse consent; and (5) was the defendant told that a search warrant could be obtained. *Id.* at 1326.

▄ According to the testimony of the DEA Agents and INS Agent Wyman, defendant was extremely cooperative throughout their interviews about his possible involvement in a drug conspiracy and his immigration status. Defendant had freely given his consent to the search of his apartment and had voluntarily provided his immigration papers to INS Agent Wyman. Further, following the search of the pager, defendant gave written consent to search his apartment again for a cell phone.

Defendant was in custody under the INS warrant at the time Agent Wyman claims that defendant consented to the search of his pager. No weapons were drawn and defendant was not told that a search warrant could be obtained if he refused consent. While defendant had not been advised of his *Miranda* warnings and was not advised of his right to refuse to consent, I find Agent Wyman's testimony credible in light of the totality of the circumstances, especially given defendant's generally cooperative attitude and apparent desire to prove to the officers that he was innocent of any wrongdoing. Accordingly, I find that the government has carried its "heavy" burden of establishing that defendant freely and voluntarily consented to the search of his pager.

▄ However, even if the consent was involuntary, I find that the search of the pager was justified by exigent circumstances. Exigent circumstances "are those circumstances that would cause a reasonable person to believe that entry was necessary to prevent ... the destruction of relevant evidence ..." *United States v. Hudson,* 100 F.3d 1409, 1417 (9th Cir.1996). Only a "mild" exigency need be shown where the search involves no property destruction. *Id.* Further, the gravity of the offense is an "important factor" in determining whether an exigency exists. *Id.* at 1424, n. 4.

▄ Because the focus of the exigent circumstance inquiry is upon the objective reasonableness of the officer's belief that immediate action was necessary, I specifically reject the *dicta* in *United States v. Lynch,* 908 F.Supp. 284 (D.Virgin Islands, 1995) which would require officers to determine how a particular pager operates before conducting the search. Here, the officers reasonably believed that if the numbers were not pulled off of the pager immediately, they might well be lost forever if the pager was turned off, if other number interceded or if the batteries ran down. This satisfies the "mild exigency" requirement necessary to sustain the exception where no property damage is involved. Further, the pager was searched as part of a significant, multi-defendant cocaine distribution conspiracy investigation. The charges are very serious and according to information the officers had gathered earlier that day from other alleged co-conspirators, the use of pagers and code numbers was expected to be critical evidence in the case.

Based on the foregoing, I find that the pager was lawfully seized and that the search of the pager was justified by both consent and exigent circumstances. I need not reach the issue of whether either search is also justified under the search incident to arrest doctrine. Accordingly, defendant's motion to suppress (# 49) is DENIED.

I also note that co-defendant Guzman has been set for entry of a guilty plea. Thus, defendant's motion for severance (# 50–1) and motion to continue his trial date (# 50–2) (to follow that of Guzman) are DENIED as MOOT.

IT IS SO ORDERED.